UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YOVANI PAVON CONCEPCION,

          Petitioner,

v.                                      Case No.  2:26-cv-1830-JES-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION FACILITY,
et al.,

          Respondents.
                                        /

### OPINION AND ORDER

Before the Court are Petitioner Yovani Pavon Concepcion's petition for writ of habeas corpus and motion for temporary restraining order (Doc. 1; Doc. 2) and the government's response (Doc. 7). For the reasons below, the Court grants the petition to the extent set forth in this Order.

### I.   Background

Pavon Concepcion is a native and citizen of Cuba who entered the United States in November of 2022.  (Doc. 1 at 11).  He was released on an order of release on recognizance.  (Id.)  He has a pending application for asylum, employment authorization, a Florida Driver's license, a social security card, and no criminal history.  (Id.)

Pavon Concepcion was apprehended and taken into Immigration and Customs Enforcement (ICE) in April of 2026 when he was a

passenger in a vehicle driven by his brother, a lawful permanent resident.  (Doc. 2 at 3).

On May 5, 2026, an immigration judge denied Pavon Concepcion's request for bond by checking a box on a pre-printed order and stating "flight risk" with no other explanation.  (Doc. 7-1). Pavon Concepcion now seeks a bond hearing where the government bears the burden of showing that he poses a flight risk or danger to the community.  (Doc. 1 at 8).

## II.  Discussion

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]"   U.S. Const. amend. V.   The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

Instead of addressing the merits of Pavon Concepcion's due process claim, the government offers two reasons for this Court to dismiss the petition.  First, the government asserts that the petition is moot because Pavon Concepcion already received a bond hearing.  (Doc. 7 at 3).  The Court disagrees.  The petition is not moot because Pavon Concepcion is still confined, and his challenge to continued detention "presents a live controversy with respect to which the court can give meaningful relief." Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001).

Next, the government points to a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).  And to the extent Pavon Concepcion asks the Court to second-guess the immigration judge's discretionary judgment or decision, the Court lacks jurisdiction to do so. However, to the extent he asserts a bona fide due process claim challenging the framework used to determine whether he should be detained, "[i]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." Reno v. Flores, 507 U.S. 292, 306 (1993).  Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." Zadvydas, 533 U.S. at 690 (internal punctuation and citation omitted).  Thus, the Court will consider whether Pavon Concepcion's current detention complies with due process.

Courts looks to three factors when considering the process due in a given situation: (1) "the private interest that will be

3

affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

Here, all three factors weigh in Pavon Concepcion's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. Zadvydas, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. While neither the Supreme Court nor the Eleventh Circuit has established a constitutionally acceptable length of detention under 1226(a), the longer the detention, the greater the concern. And facts that could justify a brief detention might not justify a longer one. The fact that Pavon Concepcion's detention has exceeded three months and could conceivably last indefinitely—despite his familial ties to Florda and his complete lack of criminal history—raises constitutional concerns. Third, the government has not established a legitimate interest in continuing to detain Pavon Concepcion. Pavon Concepcion asserts (and Respondents do not dispute) that he bore the burden of proof in his first bond hearing. At no point during Pavon Concepcion's detention has ICE been required to show that

4

either goal of immigration detention—to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community—outweighs Pavon Concepcion's right to be free from physical restraint.[1]

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481 (1976). The Court sees value in additional safeguards such as a bond hearing in which the government bears the burden of proof. See Velasco Lopez v. Decker, 978 F.3d 842, 853 (2d Cir. 2020) (comparing the ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention). A bond hearing where the government bears the burden of proof will preserve the two goals of immigration detention while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose." Velasco Lopez, 978 F.3d at 854; see also Rodriguez v. Ortega, Nos. 26-50183, 26-50219, No. 26-50221, 2026 WL 1906557, at * 16 (5th Cir. Jul. 2, 2026) (recognizing that in § 1226 bond hearings, "the

---

[1] The Court notes that the immigration official who considered Pavon Concepcion's circumstances in 2022 determined that he should be paroled on recognizance, and he has since remained out of trouble, applied for asylum, and participated in his removal proceedings.

Government must articulate an individualized justification for further detention without bond").

The Court will thus order Respondents to either release Pavon Concepcion or bring him before an immigration judge within seven days for a second bond hearing where the government must show that he is a flight risk or danger to the community.  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by Pavon Concepcion and the factors announced in In re Guerra, 24 I. & N. Dec. 37 (BIA 2006).  Pavon Concepcion's counsel must receive at least 48 hours' notice of the hearing, but only if he enters an appearance in the Executive Office of Immigration Review's (EOIR's) online filing system in time to receive the notice. The Court is aware the EOIR is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. If Respondents are unable to ensure that Pavon Concepcion timely receives a bond hearing that complies with this Order, they must release him under reasonable terms of supervision.

Accordingly, it is hereby **ORDERED**:

1.   Yovani Pavon Concepcion's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this order.

2.   Within **SEVEN (7) DAYS** of this Order, Respondents shall either release Pavon Concepcion or bring him before an immigration

judge for a second bond hearing where the government bears the burden of justifying continued detention.

4.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 14, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE